Bruce J. Wecker (SBN 78530)
Christopher L. Lebsock (SBN 184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980

Robert J. Yorio (SBN 93178)
**CARR & FERRELL LLP**
120 Constitution Drive,
Menlo Park, CA 94025
Tel: (650) 812-3400
Fax: (650) 812-3444

*Attorneys for Plaintiff*
*Dominion Assets LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINION ASSETS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MASIMO CORPORATION, a Delaware corporation, and CERCACOR LABORATORIES, INC., a Delaware corporation;<br><br>Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

Plaintiff Dominion Assets, LLC ("Plaintiff" or "Dominion"), files this Original Complaint for patent infringement against Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively "Defendants") alleging as follows:

1.  Dominion is a development stage company employing scientists to continue the development of its non-invasive monitor for the determination of the concentration of blood constituents. Dominion owns a portfolio of patents arising from its predecessors' path-breaking work in the area of non-invasive measurement of blood constituents. This Complaint concerns patents directed to the use of visible and invisible light radiation to passing through body tissue to

measure constituents of the blood, such as oxygen saturation, hemoglobin, carboxyhemoglobin, and methemoglobin.

2. Defendants' infringing products are sold throughout the United States. They provide market leading pulse CO-oximeters to hospitals and the alternate care market for patient monitoring of a variety of blood constituents.

3. Beginning in 2005, on information and belief, Masimo introduced a series of improvements to its pulse oximeters based on measuring the absorption of light at multiple wavelengths beyond the two used in conventional pulse oximetry. In 2005, Masimo introduced its rainbow SET platform, leveraging and incorporating rainbow technology licensed from Cercacor to provide reliable, real-time monitoring of additional measurements beyond arterial blood oxygen saturation and pulse rate. The Masimo rainbow SET platform has the ability to distinguish oxygenated hemoglobins from certain dyshemoglobins, hemoglobin incapable of transporting oxygen, and allows for the rapid, non-invasive monitoring of hemoglobin, carboxyhemoglobin, methemoglobin, and pleth variability index, which it refers to as Pulse CO-Oximetry.

4. Along with the release of the rainbow SET Pulse CO-Oximetry products, Masimo developed multi-wavelength sensors that have the ability to monitor twelve wavelength measurements with a single sensor. Thus, this case concerns the Defendants' infringement of patents that cover a fundamental piece of the products that Defendants sell and license.

**THE PARTIES**

5. Plaintiff Dominion Assets, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Potomac Falls, Virginia. It is the owner of United States Patent Nos. 5,460,177, and 5,379,764 ("Patents-in-Suit")

6. Defendant Masimo, on information and belief, is a corporation organized under the laws of the State of Delaware. Masimo is doing business in Northern California, and has its principal place of business at 40 Parker, in Irvine, California.

7. Defendant Cercacor, on information and belief, is a Delaware corporation having its principal place of business in Irvine, California. It was founded in 1998, and formerly known

as Masimo Laboratories, Inc.

## JURISDICTION & VENUE

8. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, each of the Defendants transacts or has transacted business in this judicial district, or committed and/or induced acts of patent infringement in this district.

## INTRADISTRICT ASSIGNMENT

10. This action is an intellectual property action subject to district-wide assignment.

## FACTUAL BACKGROUND

11. Biocontrol Technology (BICO) was a medical products company formed in 1972. In 1986 and 1987, BICO and its scientists invested in their hypothesis that blood glucose levels could be detected noninvasively by correlating points on the infrared spectrum that are reflected by electromagnetic energy through the skin. BICO studied this method in its own laboratory together with consultants at Battelle Memorial Institute in Columbus, Ohio. Information from these studies, and additional information acquired over years of refinement and further research, formed the building blocks upon which BICO filed a series of patent applications. BICO incorporated Diasense, Inc. in 1989, as its wholly owned subsidiary. Diasense was to serve as the marketing entity for BICO's non-invasive blood glucose monitor device while BICO focused on R&D and manufacturing functions. In December 1991, Diasense and BICO entered into a purchase agreement and BICO conveyed to Diasense its entire right, title and interest in the noninvasive glucose sensor and its development, including its extensive knowledge, technology and proprietary information. In December 1992, Diasense and BICO executed an amendment to the purchase agreement, which clarified certain terms and defined the "sensors" subject to transfer to include all devices for the noninvasive detection of analytes in mammals or in other biological materials. Diasense, thus, took assignments from all of the inventors of the patents at issue in this case. In 2006, Dominion acquired all of Diasense's intellectual property and recruited some of the

scientists, along with a leading scientist in the field, to meet its business objective to improve on the Diasense non-invasive monitor and bring devices for the non-invasive determination of analyte concentration to market. Dominion took assignment of the patents at issue in this suit in furtherance of this objective.

12.     On April 18, 2014, Dominion entered an agreement with Acacia Research Group LLC, resolving all possible doubt that an agreement that the parties had entered in 2010 and discontinued performance under in 2012 had transferred substantial rights to the patents at issue. On and after that date, Dominion is and has been the sole legal and equitable holder of the title to the patents in issue.

13.     On January 10, 1995, United States Patent No. 5,379,764 ("the '764 patent") entitled "Non-invasive determination of analyte concentration in body of mammals" was duly and legally issued. Dominion holds the title by assignment from the company that employed the inventors, Diasense, Inc., including the right to sue for past, present and future damages. A copy of the '764 patent is attached as Exhibit A.

14.     On October 24, 1995, United States Patent No. 5,460,177 ("the '177 patent") entitled "Method for non-invasive measurement of concentration of analytes in blood using continuous spectrum radiation" was duly and legally issued. Dominion holds the title by assignment from the company that employed the inventors, Diasense, Inc., including the right to sue for past, present and future damages. A copy of the '177 patent is attached as Exhibit B.

15.     The '764, and '177 patents ("Patents-in-Suit") are directed to methods and apparatus for measuring non-invasively components in the blood of humans by projecting near-infrared radiation on a portion of the subjects body, sensing the radiation at a plurality of wavelengths, and calculating the concentration of particular constituents of the patient's blood.

16.     Pursuant to 35 U.S.C. § 282, the Patents-in-Suit are presumed valid.

17.     On information and belief, Defendant Masimo develops, manufactures, and markets non-invasive patient monitoring products, including ones measuring a variety of constituents in the patient's blood. Such products include Masimo's pulse oximetry devices such as sensors, monitors, circuit boards and software. Masimo sells monitors, such as its Radical-7,

Rad-87, Rad-57, Pronto-7 and Pronto to hospitals and the alternate care market. Masimo sells circuit boards to original equipment manufacturers ("OEMs"), such as its MX-1 and MS-2011. It sells sensors, such as its SET and rainbow SEDline sensors to hospitals and the alternate care market. Masimo also sells software to upgrade installed monitors to add new features such as its Rainbow measurements.

18. On information and belief, Defendant Cercacor contracted the services of Masimo employees to develop a non-invasive blood constituent monitoring platform that measures hemoglobin, carboxyhemoglobin, methemoglobin and other blood constituents. That platform is known as, or incorporated into Masimo's "Rainbow SET" products.

19. On information and belief, Defendant Masimo and Defendant Cercacor entered cross-licensing agreements that provide for the joint development of "Rainbow SET" products and technologies, and for the sharing of profits from the sale and licensing of such products and technologies.

20. On information and belief, Defendants have known of Dominion's patents, at least since November 1, 2010. On that date, Masimo's Chief Executive Officer, its General Counsel, and its outside counsel were advised of the patents and provided access to a website containing detailed information about the patents, their prosecution and how Masimo's "Rainbow SET" products infringed a variety of claims in the Patents-in-Suit. It nonetheless continued the development and sale of its infringing products using the ideas disclosed the Dominion patents.

## COUNT I

**(Defendants' Patent Infringement)**

21. Plaintiff incorporates by reference the allegations of paragraphs 1 through 20 above.

22. Dominion is the owner of the Patents-in-Suit.

23. Defendants have infringed and are still infringing the Patents-in-Suit, by, without authority, consent, right or license, and in direct infringement of the patents, making, using, offering for sale and/or selling patient monitoring products using the methods, processes and apparatuses claimed in the patent in this country. This conduct constitutes infringement under 35

U.S.C. § 271(a).

24. In addition, Defendants have infringed and are still infringing the Patents-in-Suit in this country, through, inter alia, its active inducement of others to make, use, and/or sell the products and methods claimed in one or more claims of the patent. This conduct constitutes infringement under 35 U.S.C. § 271(b).

25. In addition, Defendants have infringed and are still infringing the Patents-in-Suit in this country through, inter alia, providing and selling goods and services including products designed for use in practicing one or more claims of the Patents-in-Suit, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the Patents-in-Suit. Defendants have committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes the Patents-in-Suit. This conduct constitutes infringement under 35 U.S.C. § 271(c).

26. Defendants' infringing conduct is unlawful and willful. Defendants' willful conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment:

A. declaring that Defendants have infringed one or more claims, specifically including claim 1, of each of the Patents-in-Suit;

B. that Defendants account for and pay to Plaintiff all damages caused by their infringement of the Patents-in-Suit, which by statute can be no less than a reasonable royalty;

C. that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants infringement of the Patents-in-Suit;

F. that Defendants' infringement of the Patents-in-Suit be adjudged willful and that the damages to Plaintiff be increased by three times the amount found or assessed pursuant to 35 U.S.C. § 284;

G. that this be adjudged an exceptional case and that Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

ORIGINAL COMPLAINT FOR  6  Case No.:
PATENT INFRINGEMENT

1  H. that costs be awarded to Plaintiff; and

2  I. that Plaintiff be granted such other and further relief as the Court may deem just
3  and proper under the current circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.


Dated: June 30, 2014                    Respectfully submitted,


By:    */s/ Bruce J. Wecker*
            BRUCE J. WECKER

Bruce J. Wecker (SBN 78530)
Christopher L. Lebsock (SBN 184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980

Robert J. Yorio (SBN 93178)
**CARR & FERRELL LLP**
120 Constitution Drive,
Menlo Park, CA 94025
Tel: (650) 812-3400
Fax: (650) 812-3444

*Attorneys for Plaintiff Dominion Assets LLC*

ORIGINAL COMPLAINT FOR                     7                     Case No.:
PATENT INFRINGEMENT