Joseph R. Re (Bar No. 134479)
joseph.re@knobbe.com
Stephen C. Jensen (Bar No. 149894)
stephen.jensen@knobbe.com
Irfan A. Lateef (Bar No. 204004)
irfan.lateef@knobbe.com
Brian C. Claassen (Bar No. 253627)
brian.claassen@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendants Masimo Corporation and
Cercacor Laboratories, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINION ASSETS LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>     v.<br><br>MASIMO CORPORATION, a Delaware Corporation, and CERCACOR LABORATORIES, INC. (f/k/a MASIMO LABORATORIES, INC.), a Delaware Corporation,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 5:14-03002 BLF<br><br>Honorable Beth Labson Freeman<br>Magistrate Judge Maria-Elena James<br><br>**MASIMO CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY** |

Defendant Masimo Corporation (hereinafter "Defendant" or "Masimo") hereby answers the Complaint of Plaintiff Dominion Assets LLC (hereinafter "Plaintiff" or "Dominion") as follows:

## ORIGINAL COMPLAINT

1. Masimo admits that the Complaint concerns patents regarding passing light radiation through body tissue to attempt to measure constituents of the blood. Masimo denies that Dominion continues the development of a non-invasive monitor for the determination of the concentration of blood constituents. Dominion portrays its operations as continuing the developments of Diasense, Inc. ("Diasense"), however, Dominion has not demonstrated any progress. Masimo further denies that Diasense's work in the area of non-invasive measurement of blood constituents was "path-breaking." Diasense was unable to obtain FDA approval and never brought any monitoring device to market in the United States. Eventually, Diasense could no longer operate and Dominion acquired its assets in order to settle debts. Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2. Masimo admits that it provides and sells market leading pulse CO-Oximetery$^{TM}$ products to hospitals and alternate care markets for patient monitoring of a variety of blood constituents throughout the United States. Masimo denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Masimo admits that it introduced a series of improvements to its pulse oximeters based, in part, on measuring the absorption of light at multiple wavelengths beyond the two used in conventional pulse oximetry. Masimo also admits that it introduced its Rainbow Set® platform based, in part, on certain technology licensed from Cercacor to provide reliable, real-time monitoring of additional parameters beyond arterial blood oxygen saturation and pulse rate. Masimo further admits that the Masimo Rainbow SET® platform can distinguish oxygenated hemoglobins from certain dyshemoglobins (hemoglobin incapable of transporting oxygen) and allows for the rapid, non-invasive monitoring of

1  hemoglobin, carboxyhemoglobin, methemoglobin, and pleth variability index, referred to as
2  pulse CO-Oximetry$^{TM}$.

3     4. Masimo admits that it developed one or more sensors that have the ability to
4  detect more than two wavelengths, each wavelength detected at a different time.  Masimo
5  denies that this case concerns a fundamental piece of the products that Defendants sell and
6  license and denies the remaining allegations in Paragraph 4 of the Complaint.

7  **PARTIES**

8     5. Masimo admits that Dominion is a limited liability company organized under
9  the laws of the state of Delaware with a principal place of business in Potomac Falls,
10 Virginia.  Masimo further admits that Dominion purports to be the owner of United States
11 Patent Nos. 5,460,177 (the "'177 Patent") and 5,379,764 (the "'764 Patent") (collectively the
12 "Asserted Patents").

13    6. Masimo admits the allegations of Paragraph 6.
14    7. Masimo admits the allegations of Paragraph 7.

15 **JURISDICTION AND VENUE**

16    8. Masimo admits the allegations of Paragraph 8.
17    9. Masimo admits that venue is proper but denies the remaining allegations of
18 Paragraph 9.

19 **INTRADISTRICT ASSIGNMENT**

20    10. Masimo admits the allegations of Paragraph 10.

21 **FACTUAL BACKGROUND**

22    11. Masimo admits that Diasense was formed as a subsidiary of Biocontrol
23 Technology (BICO) as the marketing entity for BICO's non-invasive blood glucose
24 monitoring device.  Masimo understands that a federal grand jury and multiple government
25 agencies investigated BICO and certain BICO employees for fraud and other wrongdoing,
26 including securities violations and falsifying test results.  For example, former BICO CEO
27 Fred Cooper pled guilty to tax and securities fraud.  In 2003, BICO settled a lawsuit with
28 shareholders and filed for bankruptcy.  Masimo denies that Dominion obtained the Asserted

Patents to improve the Diasense non-invasive monitor and bring devices for the non-invasive determination of analyte concentration to market.  Dominion has not improved the technology and has not made strides to obtaining any FDA approval for a product.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. Masimo admits that on April 18, 2014, Dominion entered an agreement with Acacia Research Group, LLC ("Acacia") to terminate a previous 2010 agreement that transferred ownership of the Asserted Patents to Acacia.  The termination agreement has an effective date of April 18, 2014.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Masimo admits that on January 10, 1995, United States Patent No. 5,379,764 ("the '764 patent") entitled "Non-Invasive Determination of Analyte Concentration In Body Of Mammals" was issued.  Masimo admits that Dominion purportedly acquired the title to the '764 Patent from Diasense.  Masimo further admits that Exhibit A appears to be a copy of the '764 Patent.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Masimo admits that on October 24, 1995, United States Patent No. 5,460,177 ("the '177 patent") entitled "Method For Non-Invasive Measurement Of Concentration Of Analytes In Blood Using Continuous Spectrum Radiation" was issued.  Masimo admits that Dominion purportedly acquired the title to the '177 Patent from Diasense.  Masimo further admits that Exhibit B appears to be a copy of the '177 Patent.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Masimo admits that the '764 and '177 Patents discuss non-invasively measuring glucose in the blood of humans.  Masimo denies the remaining allegations of Paragraph 15.

*1*     16.     Masimo admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed

*2* valid."

*3*     17.     Masimo admits the allegations of Paragraph 17.

*4*     18.     Masimo denies the allegations of Paragraph 18.

*5*     19.     Masimo denies the allegations of Paragraph 19.

*6*     20.     Masimo admits that its Chief Executive Officer, its General Counsel and its

*7* outside counsel became aware of the patents-in-suit on or about November 1, 2010.  Masimo

*8* denies the remaining allegations of Paragraph 20.

*9* **COUNT I**

*10* **(DEFENDANT'S PATENT INFRINGEMENT)**

*11*     21.     Masimo repeats and realleges its responses to the allegations in

*12* Paragraphs 1-20 of the Complaint as though fully set forth herein.

*13*     22.     Masimo admits that as of April 18, 2014, Acacia executed a termination

*14* agreement with Dominion, assigning the Asserted Patents from Acacia to Dominion.

*15* Masimo further admits that Dominion purports to be the owner of the Asserted Patents.

*16*     23.     Masimo denies the allegations in Paragraph 23 of the Complaint.

*17*     24.     Masimo denies the allegations in Paragraph 24 of the Complaint.

*18*     25.     Masimo denies the allegations in Paragraph 25 of the Complaint.

*19*     26.     Masimo denies the allegations in Paragraph 26 of the Complaint.

*20* **AFFIRMATIVE DEFENSES**

*21*       Without assuming any burden that it would not otherwise bear, Masimo asserts the

*22* following defenses.  Masimo reserves the right to amend its answer as further information

*23* becomes available.

*24* **FIRST AFFIRMATIVE DEFENSE**

*25* **NONINFRINGMENT OF THE PATENTS-IN-SUIT**

*26*     27.     Masimo has not directly or indirectly infringed and does not infringe (either

*27* literally or under the doctrine of equivalents) any valid claim of the '764 Patent or the

*28* '177 Patent.

**SECOND AFFIRMATIVE DEFENSE**

**INVALIDITY OF THE PATENTS-IN-SUIT**

28. One or more claims of the '764 Patent and the '177 Patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

**CLAIM FOR DAMAGES BARRED**

29. Plaintiff's claim to damages is barred in whole or in part by 35 U.S.C. § 286 and/or § 287.

**FOURTH AFFIRMATIVE DEFENSE**

**ESTOPPEL**

30. Plaintiff's claim to damages is barred in whole or in part by laches, estoppel and/or acquiescence.

**FIFTH AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM**

31. Plaintiff fails to state a claim for which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

**INEQUITABLE CONDUCT**

32. The Asserted Patents are unenforceable on the basis of inequitable conduct committed by Diasense, its counsel, Mr. Keith Keeling, and/or others involved in the maintenance of the Asserted Patents as outlined below:

  a. The '764 Patent issued on January 10, 1995 and the '177 Patent issued on October 24, 1995. Both were assigned to Diasense. An additional related patent, United States Patent No. 5,360,004 (the "'004 Patent"), was also assigned to Diasense. The '004 Patent issued on November 1, 1994. After the patents issued, the United States Patent and Trademark Office (the "Patent Office") accepted a power of attorney making the Webb Law Firm, P.C., the counsel of record for the Asserted Patents and the '004 Patent.

*1*   b.   In order to maintain the enforceability of a patent, the patent owner must pay periodic maintenance fees to the Patent Office.  35 U.S.C. § 41(b). Maintenance fees are due at three-and-a-half (3.5) years, seven-and-a-half (7.5) years, and eleven-and-a-half (11.5) years after the date of issuance.  *Id*. The Patent Office provides a six-month grace period to pay the maintenance fees with a surcharge at each of those periods.  37 C.F.R. § 1.362(e).  Overall, the patent owner has a one-year window to pay the maintenance fees at each of the three periods or the patent expires.

c.   Diasense had a one-year window from November 1, 2001 to November 1, 2002 to pay the seven-and-a-half (7.5) year maintenance fee on the '004 Patent.  Diasense did not make the payment during that window, allowing the '004 Patent to expire on November 2, 2002.  The Patent Office sent Diasense a notice on December 26, 2002 that the '004 Patent expired. Diasense took no action to revive the '004 Patent at that time.

d.   Diasense also allowed the Asserted Patents to expire.  On January 11, 2003, the '764 Patent expired for failure to pay the seven-and-half (7.5) year maintenance fee.  The Patent Office sent Diasense a notice on March 6, 2003 that the '764 Patent expired.  Diasense took no action to revive the '764 Patent at that time.

e.   Similarly, Diasense did not pay the seven-and-half (7.5) year maintenance fee on the '177 Patent.  The '177 Patent expired on October 25, 2003.  Diasense again took no action to revive the '177 Patent at that time.

f.   Diasense allowed these three patents to expire over a one-year time frame. Upon receiving each new expiration notice, Diasense took no action toward paying maintenance fees.  On information and belief, Diasense made a deliberate decision to allow these patents to expire.

g.   A patent owner can revive an expired patent within two years of the expiration of the patent if the patent owner submits a statement that the delay in paying

|   |   |   |
|---|---|---|
| 1 | | the maintenance fee was unintentional.  *See* 35 U.S.C. § 41(c)(1).  However, a |
| 2 | | delay resulting from a deliberate course of action chosen by the applicant is |
| 3 | | not an "unintentional" delay.  *See In re Patent of: Carlson*, 2003 WL |
| 4 | | 25523657 (Comm'r for Patents Feb. 10, 1998); *see also* Manual for Patent |
| 5 | | Examining Procedure § 711.03(c)(II)(C)(1) ("M.P.E.P.").  A change in the |
| 6 | | circumstances after abandoning a patent does not render a previous deliberate |
| 7 | | action to abandon a patent "unintentional."  *See In re Patent of: Carlson*, 2003 |
| 8 | | WL 25523657; M.P.E.P. § 711.03(c)(II)(C)(1). |
| 9 | h. | After allowing the Asserted Patents and the '004 Patent to expire, the |
| 10 | | Applicants submitted a petition to revive the '004 Patent asserting an |
| 11 | | unintentional delay in paying the maintenance fee.  The Applicants waited |
| 12 | | until the very last day to submit the petition, November 1, 2004.  Nathan J. |
| 13 | | Prepelka of the Webb Law Firm signed the petition and thus certified the |
| 14 | | truthfulness of the representations made by the petition.  *See* 37 C.F.R. § |
| 15 | | 11.18(b).  Diasense took no action toward reviving the expired Asserted |
| 16 | | Patents at this time. |
| 17 | i. | Two months later on January 7, 2005, the Applicants submitted another |
| 18 | | petition to revive an expired patent directed to the '764 Patent.  Again, |
| 19 | | Applicants waited until the window to revive the '764 Patent had nearly |
| 20 | | expired and submitted the petition only three days before the deadline.  The |
| 21 | | petition included a statement that the "delay in payment of the maintenance fee |
| 22 | | to this patent was unintentional."  Mr. Prepelka also signed this petition and |
| 23 | | thus certified the truthfulness of the representations made by the petition.  *See* |
| 24 | | 37 C.F.R. § 11.18(b).  Diasense took no action toward reviving the expired |
| 25 | | '177 Patent at this time. |
| 26 | j. | Nearly a year after the first petition to revive the '004 Patent for unintentional |
| 27 | | delay, the Applicants submitted yet another petition to revive an expired patent |
| 28 | | mere days before the deadline.  The Applicants petitioned to revive the |

*1*  '177 Patent for unintentional delay only eleven days before the deadline.  The
*2*  petition included a statement that the "entire delay was unintentional,
*3*  including the period from discovery that the maintenance fee was not timely
*4*  paid until payment of the maintenance fee and the filing of a grantable petition
*5*  under 37 C.F.R. § 1.378(c)."  Mr. Prepelka signed this petition certifying the
*6*  truthfulness of the representations made by the petition.  *See* 37 C.F.R.
*7*  § 11.18(b).

*8*  k.  The timelines below illustrate the relevant events related to the expiration of
*9*  these patents and their revival.

*26* / / /

*27* / / /

*28* / / /



**Figure 1. Timeline of Diasense reviving the Asserted Patents and the '004 Patent.**

*1*         l.      The pattern of submitting three separate petitions for revival all within mere days of the statutory deadline for each patent evidences that the entire delay was not unintentional. On information and belief, Diasense and its counsel engaged in a deliberate strategy to improperly revive these patents. By submitting repeated declarations that the entire delay was unintentional, the Applicants knowingly made misrepresentations to the Patent Office. These misrepresentations were material because without them, the expired Asserted Patents could not be revived.

m.    As patent counsel, the Webb Law Firm and Mr. Prepelka were aware that an unintentional delay does not include a deliberate decision not to pay the maintenance fee. In violation of their duty of candor to the Patent Office, the Applicants and the Webb Law Firm intentionally withheld information unfavorable to the reinstatement of the Asserted Patents. The Patent Office's understanding of the circumstances surrounding the "unintentional" delay was material to whether the Patent Office would accept the delayed maintenance fee and revive the Asserted Patents.

n.    The single most reasonable inference from these acts and omissions of highly material information is that the Applicants intended to deceive or mislead the Patent Office. Therefore, the Applicants committed inequitable conduct by intentionally withholding this information and materially misrepresenting the unintentional nature of the delay to persuade the Patent Office to revive the patents.

o.    Every claim of the Asserted Patents is therefore unenforceable.

/ / /

/ / /

/ / /

# COUNTERCLAIMS

Masimo brings the following counterclaims against Plaintiff for judgment as follows:

## PARTIES

1. Masimo is a corporation organized under the laws of the State of Delaware, with its principal place of business at 40 Parker, in Irvine, California.

2. By its Complaint, Plaintiff Dominion Assets LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Potomac Falls, Virginia.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, based upon an actual controversy between Masimo and Dominion Assets LLC.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  This Court has personal jurisdiction over Plaintiff Dominion Assets LLC (hereinafter "Dominion") because Dominion has availed itself of this Court through the filing of the Complaint.  Dominion alleges that it is the owner of the 'United States Patent Nos. 5,379,764 ("'764 Patent") and 5,460,177 ("'177 Patent").

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

6. This action is an intellectual property action subject to the district-wide assignment basis pursuant to Local Rule 3-2(c).  On July 22, 2014, the Court reassigned this matter to Judge Beth Labson Freeman in the San Jose Division of the Northern District of California.

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7. Dominion has asserted in its Complaint claims of patent infringement against Masimo based on the '764 and '177 Patents. Masimo has denied that it has infringed or is infringing any valid claims of these patents. Thus, an immediate, real, and justiciable controversy now exists between Masimo and Dominion with respect to the '764 and '177 Patents.

8. Masimo has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the '764 and '177 Patents.

9. Masimo seeks a declaration from this Court that Masimo has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the '764 and '177 Patents.

## SECOND CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF INVALIDITY

10. Dominion has asserted in its Complaint claims of patent infringement against Masimo based on the '764 and '177 Patents. Masimo has denied that it has infringed or is infringing any valid claims of the '764 and '177 Patents. Thus, an immediate, real, and justiciable controversy now exists between Masimo and Dominion with respect to the '764 and '177 Patents.

11. One or more claims of the '764 and '177 Patents are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

12. Masimo seeks a declaration from this Court that the claims of the '764 and '177 Patents are invalid.

## THIRD CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF UNENFORCEABILITY

13. Dominion has asserted in its Complaint claims of patent infringement against Masimo based on the '764 and '177 Patents. Masimo has denied that it has infringed or is

1  infringing any valid claims of the '764 and '177 Patents. Thus, an immediate, real, and
2  justiciable controversy now exists between Masimo and Dominion with respect to the
3  '764 and '177 Patents.

4  14.  As more fully outlined above in Masimo's Affirmative Defenses, specifically
5  in Paragraph 32, which is hereby incorporated by reference, the '764 and '177 Patents are
6  unenforceable by reason of inequitable conduct committed by Diasense, its counsel,
7  Mr. Keith Keeling, and/or others involved in the prosecution of the '764 and '177 Patents.

8  15.  Masimo seeks a declaration from this Court that the '764 and '177 Patents are
9  unenforceable by reason of inequitable conduct.

## PRAYER FOR RELIEF

As to its counterclaims against Dominion, Masimo respectfully prays:

A.  For an order dismissing with prejudice all claims against Masimo and denying all relief requested by Dominion;

B.  That the Court enter judgment declaring that Masimo does not infringe, and has not infringed, any claims of the '764 and '177 patents;

C.  That the Court enter judgment declaring the claims of the '764 and '177 patents to be invalid;

D.  That the Court enter judgment declaring the '764 and '177 Patents unenforceable by reason of inequitable conduct;

E.  That the Court find this case to be an exceptional case under 35 U.S.C. § 285 and that Masimo recovers its reasonable attorney fees upon prevailing in this action;

F.  That the Court award Masimo its costs;

/ / /

/ / /

/ / /

1    G. That the Court award Masimo such other and further relief as the Court deems
2 just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: July 24, 2014 | By: */s/ Irfan A. Lateef* |
|  | Joseph R. Re |
|  | Stephen C. Jensen |
|  | Irfan A. Lateef |
|  | Brian C. Claassen |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|  | 2040 Main Street, Fourteenth Floor |
|  | Irvine, CA  92614 |
|  | Telephone:  (949) 760-0404 |
|  | Facsimile:  (949) 760-9502 |
|  | joseph.re@knobbe.com |
|  | stephen.jensen@knobbe.com |
|  | irfan.lateef@knobbe.com |
|  | brian.claassen@knobbe.com |
|  | Attorneys for Defendants, Masimo Corporation and Cercacor Laboratories, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Masimo Corporation requests a trial by jury as to all triable issues.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 24, 2014                    By: */s/ Irfan A. Lateef*
    Joseph R. Re
    Stephen C. Jensen
    Irfan A. Lateef
    Brian C. Claassen
    KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
    Irvine, CA  92614
    Telephone:  (949) 760-0404
    Facsimile:  (949) 760-9502
    joseph.re@knobbe.com
    stephen.jensen@knobbe.com
    irfan.lateef@knobbe.com
    brian.claassen@knobbe.com

Attorneys for Defendants, Masimo Corporation and Cercacor Laboratories, Inc.

## CERTIFICATE OF CM/ECF SERVICE

I hereby certify that on July 24, 2014, I caused the **MASIMO CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, COUNTERCLAIMS AND JURY DEMAND** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys of record.

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 24, 2014, at Irvine, California.


　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Claudia Watson*
　　　　　　　　　　　　　　　　　　　　　　　　Claudia Watson