UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINION ASSETS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MASIMO CORPORATION, et al.,<br><br>    Defendants. | Case No.  14-cv-03002-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO SEAL**<br><br>[Re: ECF 72] |

Defendants move to file under seal certain exhibits in connection with their motion for summary judgment.  ECF 72.  For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id*. at 1097.  In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material."  Civ. L.R. 79-5(b).  A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable."  Civ. L.R. 79-5(d)(1)(A).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient

1  to establish that a document, or portions thereof, are sealable." *Id*.

## II. DISCUSSION

The Court has reviewed Defendants' sealing motion and their declaration in support thereof. The Court finds that Defendants have articulated compelling reasons to seal certain portions of the submitted documents. While the proposed sealing of Exhibit M is narrowly tailored, that of Exhibit H is not. The Court's ruling on the sealing request is set forth in the table below:

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibit H to the Declaration of Brian C. Claassen in Support of Defendants' Motion for Summary Judgment of Noninfringement and Invalidity ("Claassen Decl."); excerpts from Causevic's expert report | Certain portions of the exhibit contain technical trade secrets relating to Defendants' products. However, the proposal to seal the entirety of the exhibit would not be narrowly tailored. | DENIED. |
| Exhibit M to the Claassen Decl.; claim chart | This exhibit contains technical trade secrets relating to Defendants' products. | GRANTED. |
| Exhibit S to the Claassen Decl.; excerpts from J.W. Brasch's inventor's notebook | Plaintiff has not provided a declaration in support of sealing this exhibit. | DENIED. |
| Exhibit T to the Claassen Decl.; excerpts from J.W. Brasch's inventor's notebook | Plaintiff has not provided a declaration in support of sealing this exhibit. | DENIED. |

## III. ORDER

For the foregoing reasons, the sealing motion is GRANTED IN PART and DENIED IN PART. For any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, or has not narrowly tailored its request, the submitting party must file the unredacted documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order. Alternatively, the parties may renew their motions to seal the documents the Court has identified as not narrowly tailored or for which the designating party has not filed a declaration in support.

1  Any renewed motions must comport with Civ. L.R. 79-5(d) and (e) and be filed by October 31,
2  2016.

**IT IS SO ORDERED.**

Dated: October 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge