United States District Court
Northern District of California

1
2
3                    **UNITED STATES DISTRICT COURT**
4                    **NORTHERN DISTRICT OF CALIFORNIA**
5                              **SAN JOSE DIVISION**
6

| | |
|---|---|
| DOMINION ASSETS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MASIMO CORPORATION, et al.,<br><br>    Defendants. | Case No.  14-cv-03002-BLF<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART THE MOTION TO SEAL**<br><br>[Re: ECF 82] |

Plaintiff Dominion Assets LLC ("Dominion") moves to file under seal certain exhibits in connection with its opposition to Defendants Masimo Corporation, et al.'s (collectively, "Defendants") motion for summary judgment.  ECF 82.  Defendants have filed a declaration in support of sealing certain portions of these exhibits.  ECF 84.  For the reasons stated below, the motion is GRANTED-IN-PART and DENIED-IN-PART.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id*. at 1097.  In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

1  A party moving to seal a document in whole or in part must file a declaration establishing that the
2  identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or
3  protective order that allows a party to designate certain documents as confidential is not sufficient
4  to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed Dominion's sealing motion and the supporting declarations filed by both parties. Although Dominion originally moved to seal Exhibit AA in its entirety, Defendants, who are the Designating Party under Civil Local Rule 79-5(e), have filed a declaration stating that only certain portions of Exhibit AA should be sealed and have attached a highlighted version of Exhibit AA identifying those portions. ECF 82, 84, 85. Dominion also moved to seal certain portions of Exhibit BB, which Defendants support. *Id*.

The Court finds that Defendants have articulated compelling reasons and good cause to seal certain portions of the submitted documents in relation to Dominion's opposition to Defendants' motion for summary judgment. The proposed redactions submitted by Defendants with respect to Exhibit AA and the proposed redactions submitted by Dominion with respect to Exhibit BB are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below:

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
| --- | --- | --- |
| Exhibit AA | Highlighted portions on pages 44-45 contain trade secret technical information regarding the operation of the accused products, and appear in an expert report which Defendants have designated "Highly Confidential-Source Code." | GRANTED as to the highlighted portions on pages 44-45 in ECF 85-1. DENIED as to the remainder. |
| Exhibit BB | Highlighted portions in paragraph 23 contain trade secret technical information from U.S. Patent Application No. 11/367,017, a patent application filed with a nonpublication request pursuant to 35 U.S.C. § 122(b)(2)(B)(i). | GRANTED as to highlighted portions in paragraph 23. |

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 82 is GRANTED-IN-PART and DENIED-IN-PART as set forth in the table above. The redacted version of Exhibit AA filed into the public record by Defendants (ECF 85) is consistent with this order, so no further documents need to be filed pursuant to Civil Local Rule 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: November 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge