United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOMINION ASSETS LLC,<br>　　　　Plaintiff,<br>　v.<br>MASIMO CORPORATION, et al.,<br>　　　　Defendants. | Case No. 14-cv-03002-BLF<br><br>**ORDER REGARDING *DAUBERT* SEALING MOTIONS**<br>[Re: ECF 110, 113] |

Before the Court are the parties' administrative motions to file under seal portions of their exhibits in connection with Defendants' *Daubert* motion. ECF 110, 113. For the reasons stated below, the motions are GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

1    their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
2    Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
3    merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*
4    *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
5    for access to court records attached only to non-dispositive motions because those documents are
6    often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
7    to seal the documents attached to such motions must meet the lower "good cause" standard of
8    Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
9    standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
10   information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
11   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by
12   specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,
13   966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery
14   may reflect the court's previous determination that good cause exists to keep the documents
15   sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties
16   to designate confidential documents does not provide sufficient judicial scrutiny to determine
17   whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference
18   to a stipulation or protective order that allows a party to designate certain documents as
19   confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
20         In addition to making particularized showings of good cause, parties moving to seal
21   documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
22   79-5(b), a sealing order is appropriate only upon a request that establishes the document is
23   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
24   the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
25   must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
26   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
27   material" which "lists in table format each document or portion thereof that is sought to be
28   sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Defendants' *Daubert* Motion seeks to exclude the testimony of Plaintiff's damages expert Elvir Causevic. ECF 111. Because exclusion of Elvir Causevic's testimony could cause a significant blow to Plaintiff's ability to prove its case, Defendants' *Daubert* Motion is dispositive. Thus, the instant motion is resolved under the compelling reasons standard. *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014).

For both parties' sealing motion, Defendants designated the information sought to be sealed as confidential. After reviewing Defendants' declarations, the Court finds that Defendants have articulated compelling reasons to seal portions of the submitted documents and that the proposed redactions are narrowly tailored.

The Court's rulings on the sealing requests are set forth in the tables below.

### A. ECF 110

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 110-4 | Exhibit J: Excerpts from Elvir Causevic's Expert Report on Infringement and Economic Damage dated June 17, 2016. | GRANTED as to the highlighted portions. | The proposed redactions include confidential information regarding Defendants' financial sales data, disclosure of which would cause irreparable and competitive harm to Defendants. Lateef Decl. ¶¶ 3, 5, ECF 110-1. |
| 110-6 | Exhibit N: Annual Sales of the Rainbow Products shipped to the United States (attached as Exhibit D.4 to Elvir Causevic's Expert Report on Economic Damages dated June 17, 2016). | GRANTED in its entirety. | The entire exhibit contains confidential information regarding the annual sales of Defendants' Rainbow products, disclosure of which would cause irreparable and competitive harm to Defendants. Lateef Decl. ¶¶ 4–5. |

### B.  ECF 113

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 113-3 | Exhibit F to Declaration of Bruce J. Wecker in Opposition to Defendants' *Daubert* Motion | GRANTED in its entirety. | The entire exhibit contains confidential annual component line item sales figures for Defendants' accused products over a five year period.  Claassen Decl. ¶¶ 5–6, ECF 116.  Disclosure of such information which would cause irreparable and competitive harm to Defendants. *Id.* ¶ 8. |

## III.  ORDER

For the foregoing reasons, the sealing motions at ECF 110 and 113 are GRANTED.

**IT IS SO ORDERED.**

Dated: May 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge